1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                     EASTERN DISTRICT OF CALIFORNIA

8

9   DOROTHY HICKS and FAIR HOUSING    )    1:06-cv-1480 OWW DLB
    COUNCIL OF CENTRAL CALIFORNIA,    )
10  INC.,                             )    SCHEDULING CONFERENCE ORDER
                                      )    AND ORDER TO SHOW CAUSE
11                Plaintiff,          )    (5/7/07 10:00 Ctrm. 3)
                                      )
12      v.                            )    Discovery Cut-Off: 11/21/07
                                      )
13  CYPRESS ESTATES, INC., HENRY      )    Non-Dispositive Motion
    NUNEZ and MINNIE AVILA,           )    Filing Deadline: 12/10/07
14                                    )
                  Defendants.         )    Dispositive Motion Filing
15                                    )    Deadline: 12/21/07
    _____ )
16                                         Settlement Conference Date:
                                           1/3/08 10:00 Ctrm. 9
17
                                           Pre-Trial Conference
18                                         Date: 2/25/08 11:00 Ctrm. 3

19                                         Trial Date:  3/25/08 9:00
                                           ctrm. 3 (JT-6 days)
20

21

22  I.   Date of Scheduling Conference.

23       April 6, 2007.

24  II.  Appearances Of Counsel.

25       There was no appearance on behalf of Plaintiff.

26       Allman & Nielsen by Sara B. Allman, Esq., appeared on behalf

27  of Defendants.

28       1.   Defendants' counsel has represented that there was

                                  1

1  joint participation in the preparation of the Joint Scheduling
2  Conference Statement and, to prevent the necessity of a second
3  Scheduling Conference occasioned by the failure of Plaintiff's
4  counsel to appear, to minimize inconvenience and expense to the
5  Defendants, the Court adopts the following Scheduling Conference
6  Order:

7       2.   Brancart and Brancart by Christopher Brancart shall
8  show cause, if any they have, on May 7, 2007, at the hour of
9  10:00 a.m., why they failed to appear telephonically for the
10 Joint Scheduling Conference.

11 III. Summary of Pleadings.

12      1.   This is a fair housing case.  Plaintiffs, Dorothy Hicks
13 and Fair Housing Council of Central California ("FHCCC"), seek
14 monetary, declaratory and injunctive relief against Defendants
15 for discriminating against persons with disabilities in the
16 operation of the Cypress Estates Apartment Complex in violation
17 of the Federal Fair Housing Act, 42 U.S.C. § 3601 et seq., and
18 related state laws.  Defendants deny the allegations and contend
19 that any actions taken were for legitimate, non-discriminatory
20 reasons, and that Plaintiffs lack standing.

21 IV.  Orders Re Amendments To Pleadings.

22      1.   Plaintiffs reserve the right to amend the First Amended
23 Complaint once the first round of discovery is completed in order
24 to determine whether additional Defendants or claims need to be
25 added.

26 V.   Factual Summary.

27      A.   Admitted Facts Which Are Deemed Proven Without Further
28 Proceedings.

2

1          1.   Plaintiff Dorothy Hicks resides in Unit 107 of the

2    Cypress Estates in Reedley.

3          2.   Ms. Hicks has been a resident at the Cypress

4    Estates Apartments since July 2006 at a charged rent of $580.

5          3.   Defendant Minnie Avila is and has been the

6    resident manager at the Cypress Estates.

7          4.   Defendant Henry Nunez individually has had a role

8    in the management of the Cypress Estates.

9          5.   Defendant Cypress Estates, Inc., is a California

10   corporation.

11      B.   Contested Facts.

12         1.   Ms. Hicks is handicapped within the meaning of the

13   Federal Fair Housing Act, 42 U.S.C. § 3602(h), and is disabled

14   within the meaning of California Government Code § 12955.3.

15         2.   Cypress Estates is a dwelling under the Fair

16   Housing Act, 42 U.S.C. § 3602.

17         3.   Defendant Cypress Estates, Inc., is an owner and

18   operator of the Cypress Estates.

19         4.   Defendant Henry Nunez owns and operates Cypress

20   Estates, Inc.

21         5.   Mr. Nunez is also an owner and operator of the

22   Cypress Estates.

23         6.   As the owner and operator, Mr. Nunez sets policy

24   for the operation of Cypress Estates and supervises and employs

25   Defendant Minnie Avila.

26         7.   Defendant Minnie Avila is employed as the onsite

27   manager for the Cypress Estates.

28         8.   Defendants advertise Cypress Estates as housing

1  for persons age 50 and older.

2      9.   From at least 2000 until April 2004, Defendants

3  utilized an addendum to their lease agreement with tenants that

4  stated in paragraph 30:

5         TENANTS SHALL BE ABLE TO INDEPENDENTLY CARE FOR
          THEMSELVES AND PERFORM DAILY LIVING ACTIVITIES.  OWNER
6         SHALL HAVE THE RIGHT TO TERMINATE THIS LEASE IF OWNER
          IN ITS ABSOLUTE DISCRETION DETERMINES THAT TENANT IS
7         NOT ABLE TO INDEPENDENTLY CARE FOR THEMSELVES AND/OR
          TENANT IS A DANGER TO OTHERS OR TO THEMSELVES.  OWNER
8         RESERVES THE RIGHT TO ESTABLISH RULES AND RESTRICTIONS
          PERTAINING TO TENANTS WHO MAY NEED TEMPORARY
9         ASSISTANCE.

10      10.   On March 16, 2004, the Fair Housing Council wrote

11  to Minnie Avila at Cypress Estates advising her that paragraph 30

12  of Defendants' lease addendum, imposing an "independent living"

13  requirement on tenants, discriminated against persons with

14  disabilities.

15      11.   In a letter dated March 19, 2004, Mr. Nunez

16  responded to the Fair Housing Council's request for a reasonable

17  accommodation for their complainant.

18      12.   On April 16, 2004, the Fair Housing Council

19  followed up with another letter to Ms. Avila, seeking a response

20  to its concerns regarding paragraph 30 of the Cypress Estates

21  lease addendum.

22      13.   On November 18, 2004, the Fair Housing Council

23  filed a housing discrimination complaint with the United States

24  Department of Housing and Urban Development ("HUD"), alleging

25  that the Cypress Estates "independent living" requirement

26  discriminated against persons with disabilities in violation of

27  the Fair Housing Act.

28      14.   On July 6, 2005, HUD advised the Fair Housing

4

Council that the California DFEH had determined that reasonable cause did not exist to believe that a discriminatory practice had occurred, and that the DFEH had dismissed the complaint, based upon the representation that the "independent living" requirement was no longer enforced.

15.   On September 6, 2006, Ms. Hicks received a thirty-day notice of termination of tenancy.

16.   On September 18, 2006, Ms. Hicks received a three-day notice to pay rent or quit.

17.   The September 18, 2006, notice, signed by Minnie Avila, demanded that Ms. Hicks pay, in addition to her $580 in rent, $90 ($45 for the returned check and an additional $45 as a late fee), for a total payment of $670.

18.   Pursuant to the September 18, 2006 notice, Ms. Hicks paid $670 to Defendants.

19.   On September 23, 2006, Ms. Hicks received a thirty-day notice of termination of tenancy.

20.   The September 23, 2006 notice stated: "Previous notice was given to leave.  Rent not acceptable.  Mr. Nunez will draw court unlawful detainer.  Mr. Nunez agrees your mother needs to be in an assisted living facility.

VI.  Legal Issues.

A.   Uncontested.

1.   Jurisdiction exists under 28 U.S.C. § 1331 and the Federal Fair Housing Act, 42 U.S.C. § 3601 et seq.

2.   Venue is proper under 28 U.S.C. § 1391.

3.   Supplemental jurisdiction is invoked under 28 U.S.C. § 1367 and the California Fair Employment and Housing Act,

5

1   Cal. Gov't Code §§ 12927 and 12955 et seq.

2       B.   Contested.

3           1.   Whether Defendants have injured Plaintiffs by

4   committing discriminatory housing practices in violation of the

5   Federal Fair Housing Act, 42 U.S.C. § 3601, et seq.

6           2.   Whether Defendants have injured Plaintiffs by

7   committing discriminatory housing practices in violation of the

8   California Fair Employment and Housing Act, Gov't Code §§ 12927

9   and 12955 et seq.

10          3.   Whether Defendants injured Plaintiff Dorothy Hicks

11  in violation of the Unruh Civil Rights Act, California Civil Code

12  § 51 et seq., by discriminating against persons with disabilities

13  in the operation of Cypress Estates, a business establishment,

14  because of their disabilities.

15          4.   Whether, in acting as herein alleged in the First

16  Amended Complaint, Defendants injured Plaintiffs by engaging in a

17  pattern or practice of unlawful conduct in the operation of

18  Cypress Estates in violation of the California Business and

19  Professions Code § 17200.

20          5.   Whether Defendants were negligent.

21          6.   Whether Defendants injured Plaintiff Dorothy Hicks

22  by infringing upon her right to the quiet use, enjoyment and

23  possession of her dwelling in violation of Civil Code § 1927.

24          7.   Whether Defendants injured Plaintiff Dorothy Hicks

25  by breaching the warranty of habitability in violation of

26  California Civil Code § 1941.1, and Health and Safety Code

27  § 17920.3, et seq.

28          8.   Whether Plaintiffs have standing.

                                6

1          9.    Whether there has been any discrimination against

2    Ms. Hicks on the basis of disability.

3          10.   Whether FHCCC has sustained any discrete,

4    recoverable damages.

5          11.   Whether Ms. Hicks has any damages.

6          12.   Whether there were legitimate, non-discriminatory

7    reasons for Defendants' actions.

8          13.   Whether Plaintiffs were comparatively at fault.

9          14.   Whether Plaintiffs mitigated damages.

10         15.   Whether there are third parties who bear

11   responsibility for the alleged damages.

12   VII. Consent to Magistrate Judge Jurisdiction.

13        1.    The parties have not consented to transfer the

14   case to the Magistrate Judge for all purposes, including trial.

15   VIII.     Corporate Identification Statement.

16        1.    Any nongovernmental corporate party to any action in

17   this court shall file a statement identifying all its parent

18   corporations and listing any entity that owns 10% or more of the

19   party's equity securities.  A party shall file the statement with

20   its initial pleading filed in this court and shall supplement the

21   statement within a reasonable time of any change in the

22   information.

23   IX.  Discovery Plan and Cut-Off Date.

24        1.    The parties shall exchange their initial disclosures

25   pursuant to Rule 26(a) FRCP on or before April 20, 2007.

26        2.    The parties are ordered to complete all discovery on

27   or before November 21, 2007.

28        3.    The parties are directed to disclose all expert

1  witnesses, in writing, on or before September 21, 2007.  Any

2  rebuttal or supplemental expert disclosures will be made on or

3  before October 22, 2007.  The parties will comply with the

4  provisions of Federal Rule of Civil Procedure 26(a) regarding

5  their expert designations.  Local Rule 16-240(a) notwithstanding,

6  the written designation of experts shall be made pursuant to F.

7  R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all

8  information required thereunder.  Failure to designate experts in

9  compliance with this order may result in the Court excluding the

10 testimony or other evidence offered through such experts that are

11 not disclosed pursuant to this order.

12      4.    The provisions of F. R. Civ. P. 26(b)(4) shall

13 apply to all discovery relating to experts and their opinions.

14 Experts may be fully prepared to be examined on all subjects and

15 opinions included in the designation.  Failure to comply will

16 result in the imposition of sanctions.

17 X.    Pre-Trial Motion Schedule.

18      1.    All Non-Dispositive Pre-Trial Motions, including any

19 discovery motions, will be filed on or before December 10, 2007,

20 and heard on January 14, 2008, at 9:00 a.m. before Magistrate

21 Judge Dennis L. Beck in Courtroom 9.

22      2.    In scheduling such motions, the Magistrate

23 Judge may grant applications for an order shortening time

24 pursuant to Local Rule 142(d).  However, if counsel does not

25 obtain an order shortening time, the notice of motion must comply

26 with Local Rule 251.

27      3.    All Dispositive Pre-Trial Motions are to be

28 filed no later than December 21, 2007, and will be heard on

**8**

1  January 28, 2008, at 10:00 a.m. before the Honorable Oliver W.

2  Wanger, United States District Judge, in Courtroom 3, 7th Floor.

3  In scheduling such motions, counsel shall comply with Local Rule

4  230.

5  XI.  Pre-Trial Conference Date.

6       1.   February 25, 2008, at 11:00 a.m. in Courtroom 3, 7th

7  Floor, before the Honorable Oliver W. Wanger, United States

8  District Judge.

9       2.   The parties are ordered to file a Joint Pre-

10  Trial Statement pursuant to Local Rule 281(a)(2).

11       3.   Counsel's attention is directed to Rules 281

12  and 282 of the Local Rules of Practice for the Eastern District

13  of California, as to the obligations of counsel in preparing for

14  the pre-trial conference.  The Court will insist upon strict

15  compliance with those rules.

16  XII. Trial Date.

17       1.   March 25, 2008, at the hour of 9:00 a.m. in Courtroom

18  3, 7th Floor, before the Honorable Oliver W. Wanger, United

19  States District Judge.

20       2.   Defendants have demanded trial by jury.  It is not

21  indicated whether Plaintiffs have demanded trial by jury.

22       3.   Counsels' Estimate Of Trial Time:

23            a.   4-6 days.

24       4.   Counsels' attention is directed to Local Rules

25  of Practice for the Eastern District of California, Rule 285.

26  XIII.    Settlement Conference.

27       1.   A Settlement Conference is scheduled for January 3,

28  2008, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L.

1  Beck, United States Magistrate Judge.

2        2.    Unless otherwise permitted in advance by the

3  Court, the attorneys who will try the case shall appear at the

4  Settlement Conference with the parties and the person or persons

5  having full authority to negotiate and settle the case on any

6  terms at the conference.

7        3.    Permission for a party [not attorney] to attend

8  by telephone may be granted upon request, by letter, with a copy

9  to the other parties, if the party [not attorney] lives and works

10  outside the Eastern District of California, and attendance in

11  person would constitute a hardship.  If telephone attendance is

12  allowed, the party must be immediately available throughout the

13  conference until excused regardless of time zone differences.

14  Any other special arrangements desired in cases where settlement

15  authority rests with a governing body, shall also be proposed in

16  advance by letter copied to all other parties.

17        4.    Confidential Settlement Conference Statement.

18  At least five (5) days prior to the Settlement Conference the

19  parties shall submit, directly to the Magistrate Judge's

20  chambers, a confidential settlement conference statement.  The

21  statement should not be filed with the Clerk of the Court nor

22  served on any other party.  Each statement shall be clearly

23  marked "confidential" with the date and time of the Settlement

24  Conference indicated prominently thereon.  Counsel are urged to

25  request the return of their statements if settlement is not

26  achieved and if such a request is not made the Court will dispose

27  of the statement.

28        5.    The Confidential Settlement Conference

                              10

1  Statement shall include the following:

2       a.   A brief statement of the facts of the
3  case.

4       b.   A brief statement of the claims and
5  defenses, i.e., statutory or other grounds upon which the claims
6  are founded; a forthright evaluation of the parties' likelihood
7  of prevailing on the claims and defenses; and a description of
8  the major issues in dispute.

9       c.   A summary of the proceedings to date.

10      d.   An estimate of the cost and time to be
11 expended for further discovery, pre-trial and trial.

12      e.   The relief sought.

13      f.   The parties' position on settlement,
14 including present demands and offers and a history of past
15 settlement discussions, offers and demands.

16 XIV. Request For Bifurcation, Appointment Of Special Master,
17 Or Other Techniques To Shorten Trial.

18      1.   The parties agree that the issue of punitive damages
19 should be tried separately in a second phase of the trial before
20 the same jury.  The trial shall be continuous.

21 XV.  Related Matters Pending.

22      1.   There are no related matters.

23 XVI. Compliance With Federal Procedure.

24      1.   The Court requires compliance with the Federal
25 Rules of Civil Procedure and the Local Rules of Practice for the
26 Eastern District of California.  To aid the court in the
27 efficient administration of this case, all counsel are directed
28 to familiarize themselves with the Federal Rules of Civil

1   Procedure and the Local Rules of Practice of the Eastern District

2   of California, and keep abreast of any amendments thereto.

3   **XVII.      Effect Of This Order.**

4        1.    The foregoing order represents the best

5   estimate of the court and counsel as to the agenda most suitable

6   to bring this case to resolution.  The trial date reserved is

7   specifically reserved for this case.  If the parties determine at

8   any time that the schedule outlined in this order cannot be met,

9   counsel are ordered to notify the court immediately of that fact

10  so that adjustments may be made, either by stipulation or by

11  subsequent scheduling conference.

12       2.    Stipulations extending the deadlines contained

13  herein will not be considered unless they are accompanied by

14  affidavits or declarations, and where appropriate attached

15  exhibits, which establish good cause for granting the relief

16  requested.

17       3.    Failure to comply with this order may result in

18  the imposition of sanctions.

19

20  IT IS SO ORDERED.

21  **Dated:    April 10, 2007**            _____/s/ Oliver W. Wanger_____

22  emm0d6                                  UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

12